ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ESTUDIOS TÉCNICOS INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE GURABO<br><br>Recurrida<br><br>ADVANTAGE BUSINESS CONSULTING, INC.<br><br>Licitador Agraciado<br><br>MANAGEMENT & TECHNICAL CONSULTING GROUP, INC. y STEER DAVIES AND GELAVE, INC.<br><br>Otros Proponentes | KLRA202400340 | *Revisión Administrativa* procedente de la Oficina de la Junta de Subastas del Municipio de Gurabo<br><br>Aviso de Adjudicación Núm. RFP-2023-2024-15<br><br>Sobre:<br><br>Impugnación de Adjudicación de Solicitud de Propuestas |

Panel integrado por su presidenta, la Jueza Ortíz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos Estudios Técnicos Inc. (en adelante, parte recurrente) y nos solicita la revisión de la Adjudicación Final de la solicitud de propuesta núm. 2023-2024-15 para el "Desarrollo de Estudio Integral de Transporte Público para el Municipio de Gurabo", emitida por la Junta de Subastas del Municipio de Gurabo (en adelante, la Junta o parte recurrida) emitida el 14 de junio de 2024 y notificada el 17 de junio de 2024.[1] Mediante aludido dictamen la Junta adjudicó la buena pro de la solicitud de propuesta

---

[1] Apéndice 5 de la *Solicitud de Revisión Judicial,* págs. 158-160.

Número Identificador
SEN2024_____

al licitador Advantage Business Consulting, Inc. (en adelante, Advantage) por la cantidad de $50,000.00.[2]

Por los fundamentos que expondremos a continuación, se desestima el recurso de revisión judicial por falta de jurisdicción al ser prematuro.

**I.**

El 22 de febrero de 2024, la Junta publicó el *Aviso [sic.] Público* de Solicitud de Propuesta Núm. 2023-2024-15 2024-003 selladas para el "Desarrollo de Estudio Integral de Transporte para el Municipio de Gurabo".[3] La convocatoria para la entrega de las propuestas estableció una reunión pre-propuesta para el 1 de marzo de 2024 y la fecha de entrega para el 11 de marzo de 2024.[4] Como parte del proceso de licitación la Junta entregó a los proponentes las especificaciones de la licitación mediante el documento *"Specifications for Request of Professional Services for the Development of Comprehensive Transportation Study for the Municipality of Gurabo"* en el cual establecieron los requisitos o elementos que debían tener las propuestas.[5]

Al proceso de licitación comparecieron Estudios Técnicos, Inc.; Advantage Business Consulting, Inc.; Management & Technical Consulting Group, Inc. y Steer Davies and Gelave, Inc. Luego del proceso de evaluación, el 14 de junio de 2024, notificada el 17 de junio de 2024, la Junta informó a los licitadores su determinación respecto a la Solicitud de Propuesta Núm. 2023-2024-15.[6] En específico dispusieron lo siguiente:

[…]

En síntesis, las propuestas recibidas contenían oferta, y documentos mínimos requeridos. Estas fueron las siguientes:

---

[2] *Íd.*
[3] Apéndice 1 de la *Solicitud de Revisión Judicial*, pág. 1.
[4] *Íd.*
[5] Apéndice 3 de la *Solicitud de Revisión Judicial*, págs. 3-23.
[6] Véase nota al calce 1.

| Compañía | Propuesta Económica |
|---|---|
| Estudios Técnicos, Inc. | $43,278.00 |
| Advantage Bussines Consultin, Inc. | $50,000.00 |
| Management & Technical Consulting Group, Inc. | $77,920.00 |
| Steer Davies and Gleave, Inc. | $80,000.00 |

En el proceso de evaluación y análisis de las propuestas se tomaron en consideración los siguientes factores o criterios:

√ Capacidades y desempeño de las empresas proponentes
√ Costo
√ Enfoque y metodología de trabajo
√ Calendario de entrega (plazo de tiempo)

Realizada la evaluación de las propuestas de cada compañía en la cual se tomaron en consideración todos los aspectos mencionados anteriormente y luego de un proceso de análisis cauteloso y objetivo por parte de personal experto, la Junta de Subastas del Municipio de Gurabo decidió acoger su recomendación y adjudicar este proyecto a la compañía **ADVANTAGE BUSINESS CONSULTING, INC.** por la cantidad de **$50,000.00**. esta compañía cumplió con todos los requisitos del RFP y el costo está dentro del margen razonabilidad según las comparables del estimado de costos independiente realizado por el municipio.

Los defectos encontrados en las compañías que no fueron favorecidas fueron los siguientes:

● **MANAGEMENT & TECCHNICAL CONSULTING GROUP, INC. Y STEER DAVIES AND GLEAVE, Inc.**: aunque ambas compañías cumplieron con los requisitos del RFP, sus precios son los más altos.
● **ESTUDIOS TECNICOS, INC.**, aunque en costos fue la más económica, no estableció en su propuesta el margen de ganancias.

Si no está de acuerdo con esta determinación, para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones de conformidad con el Artículo 2.040 (a), de la Ley 107-2020- Código Municipal de Puerto Rico, dentro de diez (10) días contados desde el depósito en el correo del acuerdo de la copia del acuerdo final o adjudicación.

Inconforme con la adjudicación, el 26 de junio de 2024, Estudios Técnicos, Inc. presentó *Revisión Judicial* ante este Tribunal de Apelaciones y alega que la Junta cometió el error siguiente:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTA AL ADJUDICAR ARBITRARIA E IRRACIONALMENTE LA SOLICITUD DE PROPUESTAS IMPUGNADA CUANDO DESCARTÓ A ESTUDIOS TÉCNICOS INC. BAJO EL PRETEXTO DE QUE "NO ESTABLECIÓ EN SU PROPUESTA EL MARGEN DE GANANCIA" A PESAR [DE] QUE NO EXISTE CONTROVERSIA QUE SU PROPUESTA CONTIENE DICHO MARGEN.

Luego de examinar el recurso de revisión presentado por la parte peticionaria, procedemos a disponer del mismo sin necesidad de trámites ulteriores, conforme lo autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5).

## II.

### A.

La subasta tradicional y el requerimiento de propuestas o RFP (*request for proposal*) son métodos mediante los cuales tanto el gobierno central como el municipal adquieren bienes y servicios. *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019); *R & B Power v. E.L.A.*, 170 DPR 606, 621 (2007).

A diferencia de las formalidades que requiere la subasta habitual, desde *R & B Power v. E.L.A.,* supra, el Tribunal Supremo ha señalado que el RFP se destaca por ser un procedimiento informal y flexible que permite al oferente negociar con el gobierno central o municipal y enmendar o revisar las ofertas antes de la adjudicación de un contrato de adquisición de bienes y servicios. El uso del requerimiento de propuesta –como método alterno a la subasta formal— es común "cuando se trata de bienes o servicios especializados que involucran aspectos altamente complejos o cuando existen escasos competidores cualificados". *Íd.*

En *PR Eco Park et al. v. Mun. de Yauco*, supra, págs. 532-533, el Tribunal Supremo explicó que:

"Cabe destacar que, si bien "la subasta formal y el RFP son distintos, no son totalmente incompatibles entre sí". Ello pues, hemos reconocido que un requerimiento de propuestas "participa de características adjudicativas de la misma forma que la subasta tradicional". Por ello, los oferentes o participantes de un RFP pueden cuestionar mediante revisión judicial la adjudicación de una propuesta de subasta. O sea, un RFP no está exento de revisión judicial [,] aunque la legislación no lo disponga." (citas omitidas).

Ahora bien, tal como en la subasta formal, no existe legislación que regule con uniformidad el método de requerimiento de propuestas o RFP. *Íd.* Conforme a la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA 9601 *et seq.*, ambos mecanismos se consideran informales y cuasi judiciales y, salvo por la solicitud de reconsideración y revisión judicial, no están sujetos a esta legislación. *Íd.* Significa que "las agencias gubernamentales tienen la facultad de aprobar un reglamento para establecer el procedimiento y las guías que se han de seguir en sus propias subastas." *Íd.* (citas omitidas).

**B.**

La Constitución del Estado Libre Asociado de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que: "ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley." Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. El debido proceso de ley se manifiesta en dos dimensiones distintas: sustantiva y procesal. Al amparo del debido proceso sustantivo, los tribunales examinan la validez de una ley, a la luz de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas. Bajo este análisis, el Estado, al aprobar leyes o al realizar alguna actuación, no puede afectar de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad. *PVH Motor v. ASG,* 209 DPR 122

(2022); *Román Ortiz v. OGPe*, 203 DPR 947 (2020); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881 (1993); *Rodríguez Rodríguez v. E.L.A.*, 130 DPR 562 (1992); *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265 (1987). Por otro lado, en el debido proceso de ley procesal se le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. *Román Ortiz v. OGPe*, supra; *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* supra; *López Vives v. Policía de Puerto Rico*, 118 DPR 219 (1987).

Para que entre en vigor la protección que ofrece este derecho, en su vertiente procesal, tiene que estar en juego un interés individual de libertad o propiedad. *Board of Regents v. Roth*, 408 US 565 (1972); *Rivera Santiago v. Srio. de Hacienda*, supra, pág. 274. Una vez cumplida esta exigencia, hay que determinar cuál es el procedimiento exigido. *Rivera Santiago v. Srio. de Hacienda*, supra, pág. 274; *Morissey v. Brewer*, 408 US 471, 481 (1982). Dependiendo de las circunstancias, diversas situaciones pueden requerir diferentes tipos de procedimientos, pero siempre persiste el requisito general de que el proceso gubernamental debe ser justo e imparcial. Véase: *Rivera Santiago v. Srio. de Hacienda*, supra, pág. 274.

La jurisprudencia ha establecido diversos requisitos que debe cumplir todo procedimiento adversativo, para satisfacer las exigencias del debido proceso, a saber: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (5) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (6) tener asistencia de abogado y (7) que la decisión se base en el expediente. *Román Ortiz v. OGPe*, supra; *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* supra.

En *PVH Motor v. ASG,* supra, págs. 131, el Tribunal Supremo señaló que:

"[d]ado que las agencias administrativas ejercen una función adjudicativa, al interferir no solo con los intereses de libertad, sino también con la propiedad de los individuos, las garantías de un debido proceso de ley han sido extendidas a dichas agencias. [...] No obstante, los procedimientos en el ámbito administrativo no tienen la misma rigidez que los procedimientos adjudicativos ante los tribunales. [...] Por tanto, el procedimiento adjudicativo ante las agencias debe ceñirse a las garantías mínimas del debido proceso de ley. [...]" (citas omitidas).

De igual manera, estas salvaguardas constitucionales se reconocen en la Carta de Derechos de la Sección 3.1 de la Ley Núm. 38-2017, *supra*.[7] Específicamente, esta Sección dispone que, en todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos: derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte; derecho a presentar evidencia; derecho a una adjudicación imparcial, derecho a que la decisión sea basada en el expediente. Sección 3.1 de la Ley Núm. 38-2017, *supra*.

En lo pertinente al caso que nos ocupa, se reconoce que el derecho a cuestionar la adjudicación de una subasta mediante el proceso de revisión judicial es parte del debido proceso de ley. *St. James Sec. v. AEE*, supra; *PVH Motor v. ASG*, supra, pág. 132; *PR Eco Park et al. v. Mun. de Yauco*, supra. Por tal razón, es indispensable que las notificaciones que se realicen durante estos procesos sean efectuadas correctamente a todas las partes. *Íd.*; *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 35 (2000). En específico, se debe advertir del derecho de las partes a procurar la revisión judicial; el término disponible para hacerlo, y la fecha del archivo en autos de una copia de la notificación. *Íd.*

Además, es necesario que la decisión de la agencia o el ente correspondiente esté fundamentada para que los tribunales

---

[7] La LPAU, es el cuerpo legal que "codifica las pautas mínimas que deben garantizar las agencias administrativas cobijadas por ese estatuto". *St. James Sec. v. AEE*, 2023 TSPR 149, 213 DPR ___ (2023), citando a *ACT v. PROSOL et als.*, 210 DPR 897, 907 (2022). Véase, *Fonte Elizondo v. F & R Const.*, 196 DPR 353, 358 (2016).

apelativos podamos cumplir con nuestra función revisora. *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877-878 (1999). De esta manera, se asegura la efectividad del derecho a obtener una revisión judicial, cuyo propósito principal es delimitar la discreción de los organismos administrativos y cerciorarse de que estos desempeñen sus funciones conforme a la ley. *Íd.* Del mismo modo, la parte adversamente afectada por la determinación de una agencia debe conocer los motivos que cimentan el proceder de la decisión administrativa. De lo contrario, el trámite de revisión judicial se convertiría en un ejercicio fútil. *Íd.*, pág. 878.

Al respecto, en *L.P.C. & D., Inc. v. A.C.*, supra, se señaló el mínimo de información que las agencias de gobierno deberán incluir en las notificaciones de las adjudicaciones de las subastas para cumplir con el debido proceso de ley, a saber: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *L.P.C. & D., Inc. v. A.C.*, supra, pág. 879. Cuando se incumple con estos requisitos, la notificación no es válida.

En varias ocasiones, el Tribunal Supremo ha sentenciado que "una notificación defectuosa de una determinación tomada por las agencias administrativas priva de jurisdicción al foro revisor para entender el asunto en disputa, lo que impide que comience a transcurrir el término para recurrir de cualquier determinación administrativa y, consecuentemente, violenta el derecho al debido proceso de ley de la parte afectada." *St. James Sec. v. AEE*, supra; *PVH Motor v. ASG*, supra, pág. 132; *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538; *Toro Alvarado v. Madera Atiles*, 202 DPR 495, 502 (2019); *IM Winner, Inc. v. Mun. de Guayanilla*, supra.

**c.**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank,* 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Por ser las cuestiones de

jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**III.**

Como cuestión de umbral nos corresponde evaluar si tenemos jurisdicción para entender en el caso de autos. Las determinaciones de las subastas o RFP deben contener un mínimo de información que las agencias de gobierno deberán incluir en las notificaciones de las adjudicaciones para cumplir con el debido proceso de ley. Estos criterios mínimos son: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *L.P.C. & D., Inc. v. A.C.*, supra, pág. 879. Cuando se incumple con estos requisitos, la notificación no es válida.

De la evaluación de la adjudicación del RFP-2023-2024-15 podemos observar que la misma incumple con el requisito mínimo de hacer una síntesis de las propuestas presentadas de los licitadores. Por tanto, observamos que esta no está debidamente fundamentada, lo que afecta nuestra capacidad para revisarla. Ante esta situación la notificación realizada por municipio de Gurabo fue inoficiosa y los términos de revisión no han comenzado a decursar. Una vez se realice una notificación adecuada los licitadores perdidosos podrán acudir ante nos de forma oportuna.

Por lo tanto, determinamos que carecemos de jurisdicción para atender el recurso de revisión judicial de Estudios Técnicos, Inc. por haberse presentado de manera prematura.

**IV.**

Por los fundamentos anteriormente expuestos, se desestima el recurso de revisión judicial al ser prematuro al amparo de la Regla 83(C) del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones